LAURIE A. TRAKTMAN (SBN 165588)
**GILBERT & SACKMAN**, A Law Corporation
3699 Wilshire Boulevard, Suite 1200
Los Angeles, California 90010-2732
(323) 938-3000; Fax: (323) 937-9139
email: lat@gslaw.org

Attorneys for Plaintiffs

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

BOARD OF TRUSTEES OF THE SHEET
METAL WORKERS' PENSION PLAN OF
SOUTHERN CALIFORNIA, ARIZONA
AND NEVADA; BOARD OF TRUSTEES
OF THE SHEET METAL WORKERS'
HEALTH PLAN OF SOUTHERN
CALIFORNIA, ARIZONA AND NEVADA;
BOARD OF TRUSTEES OF THE SHEET
METAL WORKERS' SAVINGS PLAN OF
SOUTHERN CALIFORNIA; BOARD OF
TRUSTEES OF THE SOUTHERN
CALIFORNIA SHEET METAL JOINT
APPRENTICESHIP AND TRAINING
COMMITTEE; BOARD OF TRUSTEES
OF THE SHEET METAL WORKERS'
LOCAL 105 RETIREE HEALTH PLAN;
BOARD OF TRUSTEES OF THE
SOUTHERN CALIFORNIA SHEET
METAL WORKERS' 401(A) PLAN;
BOARD OF TRUSTEES OF THE SHEET
METAL WORKERS' INTERNATIONAL
ASSOCIATION, LOCAL UNION NO. 105
UNION DUES CHECK-OFF FUND; AND
BOARD OF TRUSTEES OF THE SHEET
METAL INDUSTRY FUND OF LOS
ANGELES , Plaintiffs,

v.

DELTA SHEET METAL & AIR
CONDITIONING, INC.;LAWRENCE
ALBERT NYE; and MYRTLE E. NYE;
individuals,

    Defendants.

Case No. CV-08-8378 JFW (JCx)

ORDER ON STIPULATION FOR JUDGMENT

Pursuant to the Stipulation between Plaintiffs, Board of Trustees of the Sheet Metal Workers' Pension Plan of Southern California, Arizona and Nevada; Board of Trustees of the Sheet Metal Workers' Health Plan of Southern California, Arizona and Nevada; Board of Trustees of the Sheet Metal Workers' Savings Plan of Southern California; Board of Trustees of the Southern California Sheet Metal Joint Apprenticeship and Training Committee; Board of Trustees of the Sheet Metal Workers' Local 105 Retiree Health Plan; Board of Trustees of the Southern California Sheet Metal Workers' 401(a) Plan; Board of Trustees of the Sheet Metal Workers' International Association, Local Union No. 105 Union Dues Check-Off; and Board of Trustees of the Sheet Metal Industry Fund of Los Angeles (collectively, the "Plans" or the "Sheet Metal Workers' Trust Funds"), and defendants, Delta Sheet Metal and Air Conditioning, Inc.; Lawrence Albert Nye and Myrtle E. Nye ("Individual Defendants") (collectively "Defendants"), the Court has considered the matter fully and concluded that good cause exists to approve the parties' Stipulation in its entirety.

Accordingly, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

1.     The Company and the Individual Defendants are indebted to the Plans in the amount of $113,234.91.  Said amount is comprised of contributions in the amount of $47,574.50 for the delinquent work months of August 2008 ($10,355.20), September 2008 ($9,864.80), October 2008 ($12,076.00), November 2008 ($8,104.50), and December 2008 ($7,174.00); $5,560.56 for an audit conducted for the period of July 2004 through May 2008 plus liquidated damages assessed on the audit; liquidated damages in the amount of $46,842.45 for all delinquent work months of  October 2006, March 2007, November 2007, December 2007, February 2008, July 2008, November 2006, March 2007, April 2007, May 2007, June 2007, July 2007, August 2007, September 2007, October 2007, November

1

2007, December 2007, January 2008, February 2008, March 2008, May 2008, June 2008, July 2008, August 2008, September 2008, October 2008, November 2008, and December 2008;  interest at 10% per annum in the amount of $4,757.40; reimbursement of plaintiffs' reasonable fees ($8,000.00), and reimbursement of plaintiffs' recoverable costs of suit ($500).

2. Judgment may be entered in this case in favor of the Plans and against the Company and Individual Defendants jointly and severally, in the amount of $113,234.91 in delinquent employee benefit plan contributions, liquidated damages, attorney fees and costs, together with post-judgment interest thereon at the rate of 10% per annum as of the date of the Judgment.

3. The Company and Individual Defendants may satisfy the judgment by paying a total of $64,845.67.  Specifically, the Company and Individual Defendants shall pay the $47,574.50 for the delinquent work months of August 2008 ($10,355.20), September 2008 ($9,864.80), October 2008 ($12,076.00), November 2008 ($8,104.50), and December 2008 ($7,174.00); $5,560.56 for an audit conducted for the period of July 2004 through May 2008 plus liquidated damages assessed on the audit; and $11,710.61 for 25% of all liquidated damages accrued on delinquent contributions through December 2008 by making installments pursuant to the following installment plan: Eleven installments each in the amount of $2,000.00 shall be made on the 20th day of each consecutive month for eleven months beginning on February 20, 2009 and ending on December 20, 2009 with a twelfth final installment due on January 20, 2010 in the amount of $42,845.67.  Each and every installment payment must be made by fully negotiable check or cashier's check payable to the "Sheet Metal Workers Trust Funds," and must be received on the due dates stated above in the offices of the Sheet Metal Benefit Plan Administrative Corp., attention

Tasi Hernandez, 111 N. Sepulveda Blvd., Ste. 100, Manhattan Beach, California 90266.

4.    In the event the Company and Individual Defendants, and any of them, fail to comply with any of the provisions set forth in paragraphs 5 or 8 above, or any other provision of this Stipulation, the entire amount of the judgment, less any payments actually received at the time of such default, shall become immediately due and payable to the Plans from the Company and Individual Defendants, plus interest on such unpaid amounts at the annual rate of ten percent.

5.    This Court may retain jurisdiction over this matter through March 2010, to enforce the terms of any judgment entered hereunder, to order appropriate injunctive and equitable relief, to make appropriate orders of contempt, and to increase the amount of judgment based upon additional sums owed to the Plans by defendants.  Supplemental judgments may be entered in this action against the Company and Individual Defendants and in favor of the Plans for such sums as may be determined by the Plans and established upon application to the Court by declaration and noticed motion.

6.    The Plans shall have the right, upon twenty (20) days reasonable request made in writing, to audit or examine any books or records relating to the financial condition of the Company to ensure compliance with the terms of this Stipulation.

7.    In the event any litigation becomes necessary to enforce any term or terms of this Stipulation, the prevailing party or parties shall be awarded and shall recover all reasonable attorneys' fees and costs of suit.

**IT IS SO ORDERED**.

Dated: March 5, 2009    _____
                                  Hon. John F. Walter